**Nery ALVAREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–76405.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 20, 2007.

Filed May 16, 2007.

Angela M. Bean, Esq., Angela M. Bean & Associates, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Terri J. Scadron, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Clement J. McGovern, U.S. Department of Justice, Criminal Division, Washington, DC, for Respondent.

Before: GOODWIN, THOMAS, and BEA, Circuit Judges.

MEMORANDUM *

Nery Alvarez, a native and citizen of Guatemala, petitions for review of an order

of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law and claims of due process violations, *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003), and review for abuse of discretion the IJ's decision not to continue a hearing, *Biwot v. Gonzales,* 403 F.3d 1094, 1099 (9th Cir.2005). When the BIA conducts an independent review of the IJ's findings, as it did here, we review the BIA's decision and not that of the IJ. *Simeonov v. Ashcroft,* 371 F.3d 532, 535 (9th Cir.2004).

In analyzing the IJ's decision, the BIA predicated its decision on an erroneous factual assumption, namely that "the Order to Show Cause was served on the respondent in 1996, [but] more than six years later he still had not obtained counsel." This is inaccurate. The record clearly shows that Alvarez had an attorney of record for six years. However, the attorney filed a motion to withdraw one month before the hearing because she had moved to Kansas City and was unable to travel the distance involved to attend the hearing. The IJ granted the motion to withdraw on July 24, 2003, and sent Alvarez a notice of a hearing date for August 18, 2003. Thus, Alvarez had only been without an attorney for one month when the hearing was held. At the hearing, the IJ did not deny Alvarez's request for a continuance because Alvarez had been dilatory in obtaining counsel or acted in bad faith. The only reason given for denying the continuance was because the IJ had "instructions to complete it by the end of

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

September" and the IJ didn't believe Alvarez could obtain an attorney by the end of September.

Given that the BIA predicated its conclusion that Alvarez's right to counsel was not violated on a clearly erroneous factual assumption, we must grant the petition and remand for the BIA to conduct its analysis pursuant to *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103–05 (9th Cir.2004) using the correct facts.

We do not prejudge the outcome of this inquiry, nor do we reach any other issue presented by the parties.

**PETITION GRANTED; REMANDED.**

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.